IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY COLLINS                                                                         PLAINTIFF

v.                                              CIVIL NO. 21-2172

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                         DEFENDANT

**MEMORANDUM OPINION**

    Plaintiff, Sherry Collins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

    Plaintiff protectively filed her current applications for DIB and SSI on December 4, 2018, alleging an inability to work since September 13, 2018, due to sciatic nerve damage, bulging discs, herniated discs, post-traumatic stress disorder, high blood pressure, depression and anxiety.  (Tr. 817, 824). For DIB purposes, Plaintiff maintained insured status through September 30, 2018. (Tr. 98, 653, 830).  An administrative telephonic hearing was held on April 23, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 569-596).

    By written decision dated November 24, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 101). Specifically, the ALJ found Plaintiff had the following severe impairments: depression, anxiety,

borderline intellectual functioning, obsessive compulsive disorder, personality disorder, somatic disorder, mild degenerative disc disease of the lumbar spine and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 101). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasional stoop and crouch; incidental interpersonal contact; complexity of tasks is learned and performed by rote; few variables and little judgment required; supervision is simple, direct and concrete.

(Tr. 104). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a power screwdriver operator, injecting molding machine tender, and shipping weigher. (Tr. 113).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on September 21, 2021. (Tr. 1-4). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 14,18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) The RFC is inconsistent with the evidence; and 2) The ALJ did not prove that there are jobs that Plaintiff can perform. (ECF No. 14). Defendant argues the ALJ properly considered all of the evidence, including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 18). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining and examining medical consultants; Plaintiff's subjective complaints; and her medical records. In determining Plaintiff's RFC, the ALJ discussed the opinions of the non-examining medical consultants (Drs. Marilyn Jordan, Dan Gardner, Michael Hazelwood Alice Davidson), and the examining medical consultants (Drs. Kathleen Kralic, Ted Honghiran, Robert Spray, Patricia Walz, and Chester L. Carlson). With each provider, the ALJ stated how persuasive she found each medical opinion and articulated the basis for her finding. As addressed by the ALJ, during the time period in question, Plaintiff was able to perform household chores, prepare meals, go out alone, drive, shop for groceries on a regular basis, handle finances, and get along with others. The ALJ noted Plaintiff consistently reported an improved quality of life with the ability to perform activities of daily living (to include yardwork in March of 2020) with her pain medication regimen. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds

Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a power screwdriver operator, an injecting molding machine tender, and a shipping weigher. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 18th day of October 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE